## CHARLESTON.

Mrs. Zoe Rhodes *v.* Mark Davis *et als.*

(No. 6192)

Submitted November 20, 1928.  Decided November .27, 1928.

*D. E. Cuppett* and *Chas. D. Smith,* for plaintiffs in error.
*E. L. Maxwell,* for defendant in error.

HATCHER, JUDGE:

This is an action on a contract for the care of Bobbby Spangler, from June 6, 1924, to March 26, 1927, in which the plaintiff recovered a judgment for $858.00.  The contract follows:

"This agreement, made this June 6, 1924, by and between Mrs. Zoe Rhodes and Amedee Rhodes, her husband, of the first part and Mark Davis and

Georgia B. Davis, his wife, Richard S. Spangler, Jr., and J. H. Davis of the second part.

Witnesseth: That since Mrs. Zoe Rhodes has had the care and charge of an infant child, Bobby Spangler, son of Edna Spangler, now deceased, since said child was ten days of age to this time, and said child being afflicted and in need of an operation, to which all parties agree,

It is therefore agreed that the sum of $1,000.00 be paid said Mrs. Zoe Rhodes for care of said child to this date, which is done and the receipt of said sum by her is hereby acknowledged.

Said second parties further agree that they will stand the expense of such operation, and to this end will deposit as a trust fund with the Miners & Merchants Bank of Thomas, W. Va. the sum of $500.00 to be used for said purpose, and if that much is not required, balance to be returned, and if more, same to be paid by second parties.

In event said child should die from said operation said second parties to pay funeral expenses— and if said child recovers from said operation and is cured, there shall be no further liability on said second parties.

And if said child live & does not be restored to normal condition, then said second parties to pay Mrs. Zoe Rhodes the sum of one dollar per day until said child can be placed in a proper institution.

And all legal proceedings against Mr. & Mrs. Mark Davis to be dismissed.

This is the entire agreement between the said parties.

Witness the following signatures.

|  |  |
|---|---|
| | Mrs. Zoe V. Rhodes, |
| | Amedee Rhodes, |
| Witness: | Mark Davis, |
| D. E. Cuppett | Georgia B. Davis, |
| | Richard S. Spangler, |
| | J. H. Davis.'' |

Pursuant to the agreement the plaintiff took Bobby to several noted surgeons in Pennsylvania, Maryland and Ohio, but none would perform the operation. No institution for incurables in Pennsylvania would receive him until he arrived at

the age of six years. Consequently, the plaintiff continued to care for him, keeping the defendants advised of the situation. The relationship of defendants to Bobby, if any, does not appear, and no reason is given for their assumption of liability in his behalf.

The brief for defendants takes the position that "the controlling and dominant factor in the minds of the parties was that of an *operation;* it permeates the entire contract; it is the essence of the whole agreement; it moved the minds of the parties to act as they did;" that defendants "only agreed to pay upon the condition that an operation would be performed;" and that the operation is a "condition precedent" to plaintiff's right of recovery. We cannot agree with that construction. The primary purpose of the contract depends on the point of view. From the standpoint of the plaintiff, it was to have the defendants assume financial responsibility for care of Bobby; from that of the defendants, it was to have plaintiff continue that care. It is true that an operation was confidently contemplated by the parties at the date of the contract; but an operation was only one part of the arrangement then made to promote Bobby's welfare. The operation was of course expected to better his condition, and while it would have been heroic treatment, it would have differed from his daily treatment only in kind. As laymen, the defendants assuredly did not then and there undertake to determine that an operation, though fatal, *must be performed.* If they did so, as their brief now would imply, they virtually conspired to have Bobby executed. Such an idea is abhorrent to the humanitarian purpose which evidently prompted their assumption of liability for the unfortunate child. Nothing indicates that he has required greater care than he would have required after an ineffectual operation. No reason whatever appears why they should have predicated their responsibility solely upon an operation which should not cure him.

The condition which binds the defendants to pay for Bobbby's care is not *if he survive an operation and does not be restored to normal condition,* but "if said child live & does not be restored to normal condition." The condition therefore does not depend on an operation—it depends on *life contin-*

*uing in an abnormal condition.* The condition has been fulfilled. The plaintiff has performed her obligation under that condition. She is therefore entitled to recover, and the judgment of the lower court is affirmed.

*Affirmed.*